THE HOWE MACHINE COMPANY

*v.*

JOSEPH BALLWEG.

1. AGENCY—*payment to agent—when held out as having general powers.* Where a person, selling a machine for a company, is permitted to transact business in behalf of the company, with the knowledge of its controlling representatives, in such a manner that he is held out as an agent with general powers, the purchaser will be protected in subsequent payments made to him.

2. PRACTICE IN SUPREME COURT—*when error will not reverse.* Where a verdict upon which a judgment is rendered is so plainly right that it would be the duty of the court to set it aside if it had been otherwise, this court will not reverse for errors in instructions to the jury.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of replevin, begun before a justice of the peace, by the appellant company, against the appellee, for the possession of a sewing machine. The case, after hearing in the justice's court, was brought to the circuit court by appeal. A trial was there had, which resulted in a judgment for the

defendant, and plaintiff appeals. The machine was sold upon a credit the 9th of September, 1875, by appellant, through its agent Reed, at the price of $90—$30 to be paid down, $30 in four months, and $30 in eight months. The form of the contract of sale was that of a lease, and these amounts were provided to be paid as rent. Attached to the lease was a stipulation that appellee had the privilege, if he should desire so to do, of purchasing the machine at any time during the eight months, by the payment of $90, and in that case the amount paid for rent was to be deducted from the sum. Appellee paid the first and second installments of $30 each, and also $22.75 on the last installment, to Reed, the agent of the company, of whom he had purchased, and afterwards tendered to another agent of the company the sum of $7.25, thus completing the payment of the $90. The payments to Reed were chiefly made in boots and shoes, which were sold and delivered to Reed, and Reed, it seems, accounted to the company for the first $30, but for the remaining $52.75 he did not account, but absconded.

Mr. C. P. WISE, for the appellant.

Messrs. G. B. & F. W. BURNETT, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is claimed by appellant that the payments to Reed making up the $52.75 were not payments to the company, and this upon the ground, they say Reed had no authority to receive the same in behalf of the company. Without entering into an elaborate discussion of the evidence in this case, it is sufficient to say, that upon a careful examination, we are of opinion that the evidence shows affirmatively that Reed was permitted to transact business in behalf of the company, and that with the knowledge of the controlling representatives of the company, in such a manner that Reed was held out to the appellee and to the world as the agent of the company, with general powers.

It has often been declared by this court, that where it appears clearly and affirmatively, from the record brought here, that the verdict upon which a judgment in question rests is right, and this so plainly that had the verdict been otherwise it would have been the duty of the circuit court to have set it aside, in such case this court will not reverse the judgment, although it may appear that the court in charging the jury committed errors. This rests upon the ground that such errors have done the appellant no harm. This case comes plainly within that rule, and the judgment must be affirmed.

*Judgment affirmed.*