## William Deering & Co. v. William Dohlman.

1. INSTRUCTIONS—*When Errors in, Not Ground for Reversal.*—The fact that some of the instructions given in a trial are subject to criticism because not based on the evidence, is not ground for reversal, if on the undisputed evidence the verdict and judgment are just.

Transcript, from a justice of the peace. Error to the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

SNOW & HINEBAUGH, attorneys for plaintiffs in error; A. C. BALL, of counsel.

B. F. JONES and E. P. HOLLY, attorneys for defendant in error.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit brought by plaintiffs in error to recover of the defendant in error on a promissory note given by the latter to the former for the sum of $20, dated June 23, A. D. 1890, payable at the Pontiac National Bank on or before October 1, 1891, with interest at the rate of eight per cent per annum. The note was taken by the firm of Capes & Moore, agents of Wm. Deering & Co., pursuant to a certain commission contract introduced in evidence.

At the date of the note defendants in error purchased a mower of plaintiff in error through their agents, Capes & Moore, at Pontiac, Illinois, for $45, and as part payment gave the note in question. The agreement was that defendant in error was to pay all for the machine October 1st, after the date of the note, if he wished. He did in fact pay $20 cash and gave a note for the rest, or $20 of it. He paid $20 cash September 4, 1890, and when he went to make payment of the rest he saw Capes and told him he wanted to pay the note, and Capes said all right, and he laid out $25 and asked him for the note, when Capes told him that the note was in Morrow's bank, and to go and get it. When he applied to the bank Morrow told him he had not the note and never had it. Then he returned to Capes and Capes said he had lost it, and then, October 1st, made out and gave defendant in error a receipt against the note signed by Capes & Moore.

He also paid $20 to Moore September 4, 1890, and took the receipt of Capes & Moore; both receipts were against the mower " note."

The note was not due, and defendant in error knew it, but he had an understanding with Capes & Moore, that he might pay it any time before due. The money was paid before defendant in error went to the bank. The money was paid before Capes & Moore had settled with plaintiffs in error. The first payment of money was sent to plaintiffs in error by Capes & Moore, as Capes testified.

Capes & Moore left notes at Morrow's bank at times but not at plaintiffs in error's, and this note was sent by plaintiffs in error to Morrow's bank for collection in July or August, 1891, the next year after Capes & Moore had collected it.

The evidence tended to show that Capes & Moore did not leave defendant in error's note at the bank but that it came direct from plaintiffs in error.

The only question in the case is as to whether Capes & Moore had authority to collect for the machines for the sale of which they were agents.

The note in question was dated September 23, 1890, and paid to Capes & Moore October 1, 1890, while actually in their possession, as the evidence tended clearly to show, but at the time not produced, either intentionally, or because it could not at the time be found.

The settlement of Capes & Moore was not made with Deering & Co. till about the middle of October, and at that time the note supposedly sent to them, though it had been paid while they held it. It seems that these agents, Capes & Moore, were not honest, and were in the habit of collecting plaintiffs in error's notes and pretending they could not find them, as was done in the case of the witness William Holman, and defendant in error—the notes afterward turning up against the makers in the hands of plaintiffs in error.

It seems that the agency of Capes & Moore was a general one, to sell machines and receive cash for them, or part cash and part notes, as they thought proper. And it was their custom to do so and to receive payment on notes after given, especially before they were turned over to plaintiffs in error; they were not bound then to take notes.

We think they had ample authority to collect notes, especially before they were turned over to plaintiffs in error on settlement and the makers notified thereof.

The agency was in its notice general, and more especially as respected the public, dealing with them.

. By their very employment by plaintiffs in error, and in allowing their agents to sell and collect, they were held out to the public as being honest, and if any one should suffer on account of their dishonesty it should be plaintiffs in error, rather than the public.   Howe Machine Company v. Ballwig, 89 Ill. 318.

The agents, Capes & Moore, by the terms of their agency in writing, could sell for cash as well as for money, and they sold to defendant in error with privilege of his paying all by October 1, 1890, and this he did in presence of the contract.

The instructions given for defendant in error are complained of by counsel for plaintiffs in error.   We have examined them and find them as a general rule correct.

We do not think that the jury could have been misled, but even if some of the instructions are subject to criticism, because not based on the evidence, it would not be ground . for reversal, as on the undisputed evidence the verdict and judgment is just.

The judgment of the Circuit Court is therefore affirmed.